Moser v New York City Tr. Auth. (2022 NY Slip Op 02229)

Moser v New York City Tr. Auth.

2022 NY Slip Op 02229

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 

Index No. 150373/15 Appeal No. 15453 Case No. 2021-00672 

[*1]Sean Moser, Plaintiff-Respondent,
v
New York City Transit Authority, Defendant-Appellant.

Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellant.
Pollack Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered February 3, 2021, which granted plaintiff's motion for summary judgment on liability, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff Sean Moser commenced this action claiming to have been injured when he slipped and fell as he descended stairway M11A at the subway station at Seventh Avenue and 42nd Street in Manhattan. The station was owned, operated, and maintained by defendant New York City Transit Authority. Plaintiff testified at his statutory hearing that he slipped because of "water coming from the bulkhead [overhead beam] onto the floor." He also testified that after he fell, he had water hitting the top of his head. He gave varying accounts as to which step he slipped on. At the hearing, he stated that he "slipped on the second stair" and "landed on the bottom stair." However, in his notice of claim, he stated that he fell from the "top step" and "precipitated heavily to the ground."
Plaintiff moved for summary judgment on liability. In support of his motion, plaintiff submitted the affidavit of Stuart K. Sokoloff, a licensed professional engineer, who inspected the scene and relied in part on the photographs taken by plaintiff's girlfriend at the time of the accident. Plaintiff's expert affidavit opined that other commuters had tracked the water from the alleged leak in the overhead beam up to the step on which plaintiff slipped.
In opposition, defendant submitted the affidavit of Norman S. Marcus, a licensed professional engineer, who visited the accident site. Defendant's expert disputed plaintiff's theories of liability and instead claimed that the water was the result of passengers tracking in moisture from the street due to the weather conditions on the day of the accident. Defendant's expert also submitted photographs to show that the overhead beam was over the floor of the mezzanine, not the steps. The expert maintained that the area where the leak occurred was several inches in front of the bottom step and therefore the leak could not have sprayed the step that plaintiff slipped on.
Supreme Court granted plaintiff's motion for partial summary judgment on liability. We reverse. Defendant's culpability for plaintiff's accident cannot be decided as a matter of law. The record raises issues of fact as to where plaintiff fell and the source of the wet
condition that allegedly caused the fall (see Zuckerman v City of New York , 49 NY2d 557, 562 [1980]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022